UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANLEY M. COLLINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON PUBLIC HEALTH )<br>COMMISSION, CITY OF BOSTON, )<br>COMMONWEALTH OF )<br>MASSACHUSETTS, U.S. DEPARTMENT )<br>OF HEALTH AND HUMAN SERVICES, )<br>U.S. DEPARTMENT OF HOUSING AND )<br>URBAN DEVELOPMENT, and )<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>21-10940-FDS |

**MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS AND ORDER STRIKING
PLAINTIFF'S THREATENING STATEMENTS**

**SAYLOR, C.J.**

This is a dispute filed by Manley M. Collins, a *pro se* plaintiff, concerning alleged incidents occurring at a homeless shelter. He has sued the Boston Public Health Commission, the City of Boston, the Commonwealth of Massachusetts, the U.S. Department of Health and Human Services, the U.S. Department of Housing and Urban Development, and the U.S. Department of Justice, for unspecified violations of law. Although the complaint is unclear, he appears to claim that shelter staff members wrongfully restricted him from entering the shelter and made unwanted contact with his body while scanning him with a metal detector. He seeks $10,000,000.01 in damages per defendant for emotional distress, bodily harm, psychological fear, and inconvenience.

Defendants each have moved to dismiss the complaint on different grounds, including lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), insufficient service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motions to dismiss of the United States Departments of Health and Human Services, Housing and Urban Development, and Justice (the "Federal Defendants"), the City of Boston, and the Boston Public Health Commission will be granted. The motion to dismiss of the Commonwealth of Massachusetts will be denied, and plaintiff's claims against the Commonwealth will be severed and remanded to the Massachusetts Superior Court.

## I.     Background

### A.     Factual Background

The following facts are set forth as alleged in the complaint.

The Boston Public Health Commission ("BPHC"), which is an independent public agency, operates the 112 Southampton Shelter in Boston, Massachusetts. (Compl ¶ 3). The complaint alleges that the Federal Defendants fund and oversee the shelter indirectly through the Commonwealth of Massachusetts, Suffolk County, and the City of Boston. (*Id.* ¶ 2).

According to the complaint, Manley M. Collins was and is a user of the 112 Southampton Shelter. (*Id.* ¶ 1). On December 1, 2020, Collins was prevented from entering the shelter because he had not had a negative COVID-19 test in the prior 48 hours. (*Id.* ¶ 6a). He alleges that he walked to Massachusetts General Hospital to obtain a test, where he remained overnight. (*Id.* ¶ 6b). On January 3, 2021, he was again prevented from entering the shelter for allegedly attempting to bring unlabeled or non-readable labels on prescription medicine into the facility. (*Id.* ¶ 9a). As a result, he alleges that he had to remain awake during the evening to keep warm outside. (*Id.*).

The complaint further alleges that on April 12, 2021, Collins was hit in his left and right

calves with a security wand by an employee of BPHC at the shelter. (*Id.* ¶ 12). That same employee, apparently, also bore his weight on his shoulder. (*Id.*). He filed a police report for assault and battery following the incident. (*Id.*). Later, on April 19, 2021, he was scanned with a security wand in a manner intended to ensure he could feel the wand. (*Id.* ¶ 15). He further alleges that on that same day, as he was re-entering the shelter, he was hit in the back of the head with a security wand by an employee of BPHC. (*Id.* ¶ 18). On April 22, 2021, he reported another assault incident and was escorted by police officers into the shelter. (*Id.* ¶ 20). On April 26, 2021, he met with Diniz Alves, a director of the shelter, to discuss these incidents. (*Id.* ¶ 21).

  **B.**  **Procedural Background**

This case was originally filed in Massachusetts state court. On June 4, 2021, the Federal Defendants removed the matter to this court.

The Federal Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Commonwealth of Massachusetts has moved to dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(6), as well as for insufficient service of process under Rule 12(b)(5). The City of Boston and BPHC have separately moved to dismiss the complaint under Rule 12(b)(6).

**II.**  **Standard of Review**

  **A.**  **Fed. R. Civ. P. 12(b)(1)**

On a motion to dismiss for lack of subject-matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted. *Id.* When ruling on a motion to dismiss

under Rule 12(b)(1), the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### C. Construction of *Pro Se* Pleadings

When, as here, a motion to dismiss is filed against a *pro se* litigant, any document filed by the *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed

so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 116 F.3d 464, at *1 (1st Cir. June 23, 1997) (per curiam)).

**III.    Analysis**

    **A.    Federal Defendants**

The Federal Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Among other things, they contend that the claims are barred by sovereign immunity.

The doctrine of sovereign immunity bars suits for money damages against the United States, its agencies, and federal officers sued in their official capacities, unless the government has explicitly waived its immunity. *See McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006). Sovereign immunity is jurisdictional in nature, and the court therefore lacks subject-matter jurisdiction to entertain a suit against the United States without a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text" and strictly construed in the government's favor. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Such a waiver thus may not be implied. *Id.* Furthermore, the plaintiff bears "the burden of proving sovereign immunity has been waived." *Mahon v. United States*, 742 F.3d 11, 14 (1st Cir. 2014).

Here, plaintiff has sued three federal agencies for money damages: the United States Departments of Justice, Health and Human Services, and Housing and Urban Development. The complaint does not identify any specific violation of law, let alone a statute allegedly waiving the federal government's sovereign immunity. The complaint also does not allege that the Federal Defendants engaged in any wrongdoing.

Dismissal is warranted, even under a liberal construction of the *pro se* complaint.  To the extent the complaint alleges violations of his constitutional rights, "a suit for money damages to remedy an alleged violation of [c]onstitutional rights may not be maintained against the United States."  *See White v. Comm'r*, 899 F. Supp. 767, 775 (D. Mass. 1995).  To the extent that the complaint alleges a claim sounding in tort, under the Federal Tort Claims Act, "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied."  28 U.S.C. § 2675(a); *see also Rounds v. United States Dep't of Just.*, 2020 WL 5417146, at *4 (D. Mass. Jan. 30, 2020) (stating that "[f]ailure of a claimant to exhaust his administrative remedies is a non-waivable, jurisdictional bar to bringing suit in federal court under the FTCA").  The complaint contains no allegations suggesting that plaintiff has exhausted his administrative remedies.

Because the complaint does not state or suggest any basis to find a waiver of sovereign immunity, the court lacks subject-matter jurisdiction against the Federal Defendants.  *Meyer*, 510 U.S. at 475.  Accordingly, the motion to dismiss of the Federal Defendants will be granted.

### B.     Commonwealth of Massachusetts

The Commonwealth of Massachusetts has moved to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6).  Among other things, it contends that the claims should be dismissed for lack of jurisdiction because the Commonwealth is immune from suit under the Eleventh Amendment.

"As a general matter, states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent."  *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) (internal quotations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (stating that "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden

it, . . . a State cannot be sued directly in its own name regardless of the relief sought."").

The Eleventh Amendment has two exceptions: "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power. Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (internal citations omitted). Eleventh Amendment immunity is jurisdictional in nature, and "[a]bsent waiver, neither a State nor its agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotations omitted).

Here, the complaint does not allege a specific violation of law by the Commonwealth. However, even construing the complaint liberally, neither of the exceptions to sovereign immunity apply here. The Commonwealth has not waived its Eleventh Amendment immunity to tort claims. *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003). Congress has not abrogated the Commonwealth's Eleventh Amendment immunity for civil rights claims brought under 42 U.S.C. § 1983, nor has the Commonwealth waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). And the Commonwealth is also not a "person" under § 1983. *Id.* at 71. Because the Commonwealth is immune to plaintiff's claims under the Eleventh Amendment, the court lacks subject-matter jurisdiction.

The removal statute, 28 U.S.C. § 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "This command is obligatory and does not afford district courts leeway to dismiss rather than remand[;] . . . [it] applies in circumstances in which a federal court, by virtue of the Eleventh Amendment, finds itself unable to adjudicate all or part of a removed case." *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 108-09 (1st Cir. 2007). Accordingly, the Commonwealth's

motion to dismiss will be denied, and the claims against the Commonwealth will be severed and remanded to the Massachusetts Superior Court.

      **C.**      <u>**City of Boston**</u>

The City of Boston has moved to dismiss under Fed. R. Civ. P. 12(b)(6), contending that the complaint does not allege any wrongful acts by any City employee.

"In response to a motion to dismiss, [the court] must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009). A complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the complaint does not allege that any City of Boston employees acted wrongfully, or that any City policy caused any violation of law. *Daveiga v. Bos. Pub. Health Comm'n*, 449 Mass. 434, 437 (2007) (stating that BPHC "does not have the legal status of a city [of Boston] agency" and is legally distinct from the City of Boston).

Because the complaint has not alleged any facts showing that any employee or policy of the City caused any injuries, the City's motion to dismiss will therefore be granted.

      **D.**      <u>**Boston Public Health Commission**</u>

BPHC has moved to dismiss under Fed. R. Civ. P. 12(b)(6). It contends that the complaint fails to state a claim for any violation of constitutional rights. BPHC also alleges that plaintiff failed to serve a proper presentment letter and that it is immune from liability for any intentional torts. Construed liberally, the complaint alleges claims under § 1983 for excessive force and violation of plaintiff's equal-protection right, and under state tort law. The Court will consider those issues in turn.

1. **42 U.S.C. § 1983**

"A claim under § 1983 has two 'essential elements': the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi*, 513 F.3d at 306. Proof of the second element requires a plaintiff to show that defendant caused the alleged deprivation. *Id.*

In addition, a plaintiff must show that the municipality or government agency "*itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Therefore, a plaintiff must show both the existence of a policy or custom and a direct causal link between that policy and the alleged constitutional deprivation. *City of Canton*, 489 U.S. at 385; *see Santiago v. Fenton*, 891 F.2d 373, 381-82 (1st Cir. 1989).

a. **Excessive Force**

To the extent the complaint can be construed to raise a claim of excessive force under § 1983, the complaint fails to allege that any BPHC policy was "the moving force" behind the alleged violation. *See Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 25-28 (1st Cir. 2005); *Chaabouni v. City of Bos.*, 133 F. Supp. 2d 93, 99 (D. Mass. 2001) (dismissing excessive force claim where complaint did not allege policy or custom causally related to injury).

b. **Equal Protection**

The complaint also appears to allege that the two policies causing plaintiff's injuries—the policy concerning negative COVID-19 tests and the policy concerning unlabeled medication—were discriminatory and applied impermissible considerations to deny plaintiff entrance to the shelter.

The Equal Protection Clause of the Fourteenth Amendment generally provides that

9

similarly situated persons are entitled to receive similar treatment at the hands of government actors. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal-protection claim, a plaintiff must show that she "was treated differently from others similarly situated . . . based on impermissible considerations." *Clark v. Boscher*, 514 F.3d 107, 114 (1st Cir. 2008) (citation and quotation marks omitted). The Supreme Court has held that differential treatment based on suspect classifications (race, national origin, religion, or alienage) is subject to strict scrutiny; differential treatment based on quasi-suspect classifications (gender or illegitimacy) is subject to intermediate scrutiny; and differential treatment based on all other classifications must simply survive a rational-basis inquiry. *See Clark v. Jeter*, 486 U.S. 456, 461 (1988) (collecting cases). In addition, the complaint must plead sufficient facts such that it is plausible that defendant acted with discriminatory intent. *See Hayden v. Grayson*, 134 F.3d 449, 453 (1st Cir. 1998) ("[U]nless these plaintiffs established the requisite discriminatory intent, their equal protection claim cannot succeed . . . .").

Here, the policies at issue do not implicate a suspect or quasi-suspect classification. *See, e.g., World Gym, Inc. v. Baker*, 474 F. Supp. 3d 426, 432 (D. Mass. 2020) (undertaking rational basis review of COVID-19 policies). Accordingly, the question is whether the classifications under the two policies are rationally related to a legitimate government end. *Heller v. Doe*, 509 U.S. 312, 320 (1993). BPHC identifies the health and safety of guests and staff members as legitimate ends, and the classifications contained in the policies at issue rationally relate to those ends. Because the policies easily pass rational-basis review, the complaint has failed to state a claim upon which relief can be granted. *See Brown v. Dep't of Veterans Affs.*, 451 F. Supp. 2d 273, 282 (D. Mass. 2006) (dismissing equal-protection challenge under Rule 12(b)(6) where rational-basis test was met); *Cook v. Rumsfeld*, 429 F. Supp. 2d 385, 397 (D. Mass. 2006), *aff'd*

*sub nom. Cook v. Gates*, 528 F.3d 42 (1st Cir. 2008).[1]

## 2. State-Law Claims

Finally, to the extent the complaint raises state-law tort claims against BPHC, the Court could remand pursuant to 28 U.S.C. § 1367(c)(3). *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002). However, as discussed below, the complaint fails to state any state-law claims against BPHC. Remand is therefore unnecessary, and BPHC's motion to dismiss will be granted.

### a. Negligence

Presentment is required for claims of negligence asserted against public employers. Mass. Gen. Laws ch. 258, § 4. Presentment to BPHC must be made to its Executive Director. *Daveiga v. Bos. Pub. Health Comm'n*, 449 Mass. 434, 443 (2007). Here, the complaint alleges that plaintiff met with an employee at BPHC named Diniz Alves to discuss the alleged incidents. (Compl. ¶ 21). However, Mr. Alves is not the Executive Director of BPHC, and the complaint does not allege that presentment was otherwise made to the Executive Director.[2] Therefore, any claims of negligence alleged by the complaint against BPHC must be dismissed. *See Daveiga,* 449 Mass. 434 at 443.

### b. Intentional Torts

BPHC retains its immunity to claims of intentional torts under the Massachusetts Tort Claims Act. Mass. Gen. Laws ch. 258, § 10(c); *see id.* at § 1 (including public and regional health districts within the definition of public employer). Therefore, any intentional tort claims

---

[1] To the extent the complaint could be construed to allege due-process claims, those claims would similarly be subject to rational-basis review and dismissed. *Cook*, 528 F.3d at 47-48.

[2] *Pro se* litigants are not excused from the presentment requirements of the Massachusetts Tort Claims Act. *See Pearson v. City of Lynn*, 2020 WL 829980, at *5 (Mass. Super. Feb. 11, 2020).

11

alleged by the complaint against BPHC must be dismissed.

In light of the foregoing, BPHC's motion to dismiss will be granted.

## IV.     Order Striking Threatening Statements

Plaintiff has filed various memoranda that include veiled and express threats against the defendants and others. For the reasons set forth below, the Court will strike the following offending statements within those memoranda:

> "[T]he individual has retain every right to physically defend or destroy people, places, or things with or without consequence . . . Plaintiff retain the right to take whatever has necessary value in connection to all Defendants' to equal up to the amount of requested relief if Plaintiff is not released to go to another country."

(Pl. Mem. at 6 (June 10, 2021); Pl. Mem. at 9 (June 16, 2021); Pl. Mem. at 11-12 (June 24, 2021)).

> "If BPHC plays that very mental health dangerous game, then the Plaintiff already is confirmed that he is a very significantly, dangerous person with information and telling from all the states before Massachusetts [and listing other states] . . . The only thing that saved the third BPHC employee's life and my final check-in at Southampton Street for Spring Season was a major conscious female voice stated, 'Don't kill him, Don't hurt him, Don't hit him!', repeatedly. If I need Southampton Street or any BPHC shelter in the future, then who is going to stop that fourth one second life/disability/death, PTSD, traumatic response moment on a BPHC employee. There are no referees left in the Plaintiff's life to calm Plaintiff down."

(Pl. Mem. at 8 (June 24, 2021)).

A federal court has the inherent power to control its docket and to impose "appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO*, *Inc.*, 501 U.S. 32, 44-45 (1991). In addition, under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a representation for an improper purpose or if the contentions within it are frivolous or malicious. *See* Fed. R. Civ. P. 11(b)(1), (2); *Eagle Eye Fishing Corp. v. U.S. Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994) (affirming that *pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II,*

*Inc. v. Nolan*, 206 F. Supp. 2d 46, 54 (D. Mass. 2002) (stating that Rule 11 applies to *pro se* litigants) (citation omitted).

Plaintiff is hereby advised that if he continues to make further threatening statements in his representations to the Court, he will be subject to sanctions, including contempt.

**V.      Conclusion**

For the foregoing reasons, the motions to dismiss of the Federal Defendants (Docket No. 3), the City of Boston (Docket No. 9), and the Boston Public Health Commission (Docket No. 13) are GRANTED. The motion to dismiss of the Commonwealth of Massachusetts (Docket No. 30) is DENIED without prejudice, and plaintiff's claims against the Commonwealth are hereby severed and remanded to the Massachusetts Superior Court. The Court also STRIKES from the docket the threatening statements identified in this Memorandum and Order.

**So Ordered.**

Dated: February 11, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court